IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                                  *
ABC TEMPORARIES, INC. t/a
ABC STAFFING SERVICES,            *

      Plaintiff,                  *

v.                                *     CIVIL NO.: WDQ-05-cv-604
HARTFORD FIRE INSURANCE
COMPANY,                          *

      Defendant.                  *

*     *     *     *     *     *     *     *     *     *     *     *     *
```

MEMORANDUM OPINION AND ORDER

ABC Temporaries, Inc. t/a ABC Staffing Services ("ABC") sued
Hartford Fire Insurance Company ("Hartford") for a declaratory
judgment[1] and breach of contract. Pending are Hartford's motion for
summary judgment, and ABC's cross motion for summary judgment. For
the following reasons, Hartford's motion for summary judgment will
be denied, and ABC's cross motion for summary judgment will be
granted.


I.   BACKGROUND

ABC and Hartford entered into a "Claims Service and Security
Agreement (Major Accounts) Deductible Program" (the "contract") for
service of workers' compensation claims brought by ABC's employees.

---

[1] *See* 28 U.S.C. §§ 2201 *et seq.* (2005).

1

Compl. at ¶ 6; Ex. A.[2]  The contract identified the program type as "Workers' Compensation Deductible" and the policy period as August 24, 1999 through August 24, 2000.  *Id*.  ABC did not renew the contract with Hartford after August 24, 2000.  *Id*.  Under the contract, ABC was self-insured and funded its claims payments.  *Id*. at 7.  Hartford did not underwrite the risk for ABC's workers' compensation claims, but merely serviced the claims by processing, investigating and either paying or denying claims.  *Id*. at 8. Hartford issued monthly statements to ABC for loss payments, service fees, and other costs and expenses incurred by Hartford in servicing ABC's workers' compensation claims.  *Id*. at 9.

Hartford required ABC to post a continuing perfected first security interest in an irrevocable letter of credit.  Ex. A at III.C.  The initial amount of the security was $400,000 and the minimum amount was $100,000.  Ex. A at ¶ 9.  Hartford required the letter of credit to secure ABC's reimbursement of Hartford for costs incurred in processing ABC's workers' compensation claims.  Def. Mot. at 4.  The contract provided a formula for reducing ABC's security following termination of the policy.  Compl. at ¶ 12. Hartford released $200,000 of ABC's security in August 2002 and released another $100,000 in August 2003.  *Id*.  ABC alleges that it

_____

[2] The contract is attached to the Complaint at Exhibit A and attached to both parties' motions for summary judgment as Exhibit 1.  All references to the contract in this memorandum and opinion will be to Exhibit A.

is entitled to receive the remaining $100,000 security held by Hartford. *Id.* at ¶ 13-15.

ABC seeks: (1) a declaratory judgment that Hartford breached the contract by failing to adjust, reduce or release ABC's letter of credit; and (2) release of the security amount or compensatory damages for the breach of contract and attorneys fees and costs.

II. LEGAL DISCUSSION

A.   Motions for Summary Judgment

Hartford has moved for summary judgment arguing that the contract entitles Hartford to retain $100,000 to secure ABC's obligations to Hartford for processing and servicing current and future claims. Def. Mot. at 1-2. ABC has filed a cross motion for summary judgment arguing that Hartford breached the contract by failing to adjust the security in August 2004; this alleged material breach relieved ABC of its obligation to maintain the $100,000 security. Pl. Cross Mot. at 2.

1. Standard of Review

Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not . . . to

3

weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask... whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Electric Industrial Company v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but the opponent must produce evidence upon which a reasonable fact finder could rely. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). A mere "scintilla" of evidence is not sufficient to preclude summary judgment. *Anderson*, 477 U.S. at 252.


2.   Contractual Provisions

When deciding contract claims, Maryland courts apply the law of the state chosen by the parties. *Hardwire LLC v. The Goodyear Tire & Rubber Co.*, 360 F. Supp. 2d 728, 732 (D. Md. 2005). It is undisputed that Connecticut law governs the contract between ABC and Hartford. *See* Ex. A at IX.F.

Construction of an insurance contract is a question of law. *Hartford Casualty Ins. Co. v. Litchfield Mutual Fire Ins. Co.*, 274

4

Conn. 457, 462, 876 A.2d 1139, 1143 (2005).  The interpretation of an insurance policy involves determining the intent of the parties as expressed by the language of the policy.  *Id*. at 463, 1143-44. An insurance contract must be viewed in its entirety within the four corners of the policy.  *Id*. at 463. 1144.  If the policy is "clear and unambiguous, then the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning."  *R.T. Vanderbilt Co., Inc. v. Continental Casualty Co.*, 273 Conn. 448, 462, 870 A.2d 1048, 1058 (2005).

Policy language is to be construed as a layman would understand it and not according to the interpretations of underwriters.  *Id*. at 462-463, 1059.  Ambiguities in the contract are resolved against the drafter, Hartford.  *Id*. at 463, 1059.

The contract between ABC and Hartford consists of four cover pages attached to a 14 page contract containing definitions and rights and obligations of the parties.  ABC agreed to secure its obligations to Hartford.  Ex. A at III, pg. 4.  "The Security will be of the type and amount of collateral established on the Cover Page, if any."  *Id*.  Paragraph 9 on the cover page identifies the type of security as a letter of credit.  *Id*. at ¶ 9(a).  The letter of credit must be issued or confirmed by a bank.  *Id*. at III.A(2). The initial security amount is $400,000 and the minimum amount is $100,000.  *Id*. at ¶¶ 9(b) and 9(c).  The cover page states: "All Security amounts will be rounded to the next multiple of $100,000

5

and shall be no less than the Security Minimum Amount." *Id*. at ¶ 9.

The security amount is determined by the factors and formula established on the cover pages. *Id*. at III.B. The cover page identifies "Loss Development Factors for collateral used as Security in Policies subject to Deductible Endorsements" followed by a chart of adjustments on a sliding scale. *Id*. at pg. 2-3. The amount of security released is determined by multiplying unpaid losses by the loss development factor. *Id*. at pg. 3. The first adjustment is multiplied by a factor of 1.40; the second adjustment is multiplied by 1.25; the third adjustment is multiplied by 1.15; and the fourth and subsequent adjustments are multiplied by 1.15. *Id*. "The first adjustment of Security for Workers' Compensation will be at the second anniversary after Policy termination. Subsequent adjustments follow every twelve (12) months thereafter." *Id*. Unpaid losses are Hartford's *known* loss reserves. *Id*. at VII; Def. Mot. at 5; Pl. Cross Mot. at 10. The parties also agreed to reasonable attorneys' fees and costs for the prevailing party in enforcing the contract in litigation. *Id*. at IX.I.

### 3.   Contract Interpretation

ABC argues that Hartford breached the contract when a third adjustment was not performed by Hartford in August 2004, when ABC expected its remaining security to be released. Pl. Cross Mot. at 8. Hartford responds that the minimum security provisions entitle

6

Hartford to retain $100,000.  Def. Reply at 2-3.  ABC argues that Hartford is relying on one contract provision in isolation rather than the contract as a whole.  Pl. Cross Mot. at 8, fn2.  ABC has adopted a similar construction - albeit one that favors it.

The contract requires Hartford to perform subsequent adjustments "every 12 months thereafter" following the first adjustment on the second anniversary after the insurance policy terminated.   Ex. A at pg. 3.   Although Hartford performed two adjustments, it is undisputed that the required third adjustment was not performed in August 2004.  Def. Reply at 3-5.  Had Hartford performed the third adjustment - using Hartford's reserves on known claims of zero - the adjustment would have established ABC's entitlement to the return of its posted security.  Pl. Cross Mot. at 10-11.  Although Hartford contends that it cannot state the amount of unpaid loss as of August 24, 2004, Hartford paid no claims between December 11, 2003 and June 2005.  *See* Def. Mot. Ex. 6; Pl. Cross Mot. at 10-11 and Ex. 2.

Hartford's failure to perform the third adjustment is a material breach of the contract that relieved ABC of its obligation to retain $100,000 as security.  *Shah v. Cover-It, Inc*., 86 Conn. App. 71, 75, 859 A.2d 959, 963 (2004).  In the alternative, had Hartford calculated the unpaid losses in August 2004, it appears that there would have been no basis for retaining the security in the absence of any known claims.

Hartford's failure to perform the required adjustment is a material breach as defined by the Connecticut Supreme Court's multi-factor test for determining the materiality of a breach. *Bernstein v. Nemeyer*, 213 Conn. 665, 672, 570 A.2d 164, 168 (1990)(adopting *Restatement (Second) of Contracts* § 241 (1981)); *Strouth v. Pools by Murphy and Sons, Inc.*, 79 Conn. App. 55, 60, 829 A.2d 102, 105 (2003). The materiality factors are applied according to the facts of each case. *Strouth* at 60, 105. In this case, Hartford deprived ABC of a substantial benefit that ABC bargained for and expected to receive (i.e., the return of its security).

ABC can be compensated by receipt of the $100,000 security. Although Hartford argues that workers' compensation claims have "long tails"[3] that potentially expose Hartford to claims many years after the insurance policy term ends, there is no contract term - the contract was drafted by Hartford - that permits Hartford indefinitely to retain ABC's security. Hartford's position is understandable in light of the nature of workers' compensation claims; however, Hartford is not required to pay any claims related expenses after returning the $100,000 security to ABC. Thus Hartford will not suffer any forfeiture.

---

[3] *See Church Homes, Inc. v. Miller Memorial Trust*, No. PJRCV054008629S, 2005 WL 1023162, at *1 (Conn. Super. Ct. March 30, 2005); *Dockery v. Commissioner of Internal Revenue*, 1998 WL 120369 (U.S. Tax Ct. 1998); Conn. Gen. Stat. § 31-294c(a)(2005)(workers' compensation claims must be brought within one year from the date of the accident or within three years from the first manifestation of a symptom of an occupational disease).

4.   Attorneys Fees and Costs

As ABC is the prevailing party and the contract provides for reasonable attorneys' fees and costs incurred in enforcing the contract through litigation, the Court will award ABC reasonable attorneys' fees and costs in an amount to be determined after submission of a properly supported petition in accordance with Local Rule 109.  *See* Ex. A at IX.I.

CONCLUSION

For the reasons discussed above, Hartford's motion for summary judgment will be denied, and ABC's cross motion for summary judgment will be granted.

February 1, 2006                    _____/s/_____
Date                                William D. Quarles, Jr.
                                    United States District Judge

9