```
            IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
ABC TEMPORARIES, INC. t/a
ABC STAFFING SERVICES,          *

     Plaintiff,                 *

v.                              *     CIVIL NO.: WDQ-05-604
HARTFORD FIRE INSURANCE
COMPANY,                        *

     Defendant.                 *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

ABC Temporaries, Inc. t/a ABC Staffing Services ("ABC") sought a declaratory judgment that Hartford Fire Insurance Company ("Hartford") breached a workers' compensation claims service contract by failing to adjust, reduce or release ABC's letter of credit. Having found that Hartford's failure to perform an adjustment deprived ABC of its security, the Court granted ABC's cross motion for summary judgment. *See* 2/1/06 Order. The Court ordered Hartford to release ABC's $100,000 security and awarded ABC reasonable attorneys' fees and costs. *See id.*

Pending are ABC's motions for attorneys' fees and costs and to alter or amend judgment for inclusion of prejudgment interest. For the reasons discussed below, the motions will be granted.

1

ANALYSIS

A.      Motion to Alter/Amend Judgment

Under Rule 59(e), a party may seek prejudgment interest. *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175-76 (1989).

Under Connecticut law, the Court may award prejudgment interest as damages for the detention of money after it becomes payable.[1]  *See* CONN. GEN. STAT. §37-3a(2006). An award of prejudgment interest, however, is discretionary. *See Smithfield Associates, LLC v. Tolland Bank,* 86 Conn. App. 14, 17, 860 A.2d 738, 748 (Conn. App. Ct. 2004) ("The determination is one to be made in view of the demands of justice rather than through application of an arbitrary rule..").  Before awarding prejudgment interest, the Court must determine whether Hartford wrongfully retained ABC's security. *See id*. One factor that the Court may consider is whether Hartford had a good faith belief that it was entitled to retain ABC's security. *See Maloney v. PCRE, LLC*, 68 Conn. App. 727, 756, 793 A.2d 1118, 1138 (Conn. App. Ct. 2002).

Despite Hartford's contrary assertions, the record is devoid of any evidence of its good faith belief.  Instead, the record, reveals that Hartford withheld ABC's security based upon the unsupported assertion that it was entitled to withhold ABC's security based upon a "potential exposure" to (unknown) workers' compensation claims arising after the policy ended. *See* 2/1/06 Mem. Op. at 8.  However, there was no contract term--the contract was

---

[1] Connecticut law governs the contract between ABC and Hartford.  *See* 2/1/06 Mem. Op. at 4.

2

drafted by Hartford--that permitted Hartford indefinitely to withhold the security. *See id.* Had Hartford performed the third adjustment, as required by the contract, the adjustment would have established ABC's entitlement to the timely return of its posted security. *See id.* at 7. Moreover, upon the return of ABC's security, Hartford was not required to pay for any claims. *See id.* at 8. As the drafter of the contract, Hartford's belief was unreasonable. Hartford, therefore, wrongfully withheld ABC's security. Accordingly, the Court will amend the judgment and award ABC $14,768.50 in prejudgment interest.[2]

B.      Motion for Attorneys' Fees

As the prevailing party, ABC is entitled to reasonable attorneys' fees and costs. *See id.* at 9. Having determined that an award of attorneys' fees is appropriate, the Court must consider what amount of fees would be reasonable. *Cox. v. Reliance Standard Life Ins. Co.*, 235 F. Supp. 2d 481, 484 (E.D. Va. 2002). This lodestar figure is calculated by multiplying the reasonable number of hours worked by an appropriate hourly rate. *Id.* (*citing Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998)).

Two attorneys and a paralegal/law clerk, with the law firm of Gorman & Williams worked on the case for ABC.[3] *See* Mot. Ex. A.

---

[2]Section 37-3a authorizes the imposition of ten percent (10%) per annum prejudgment interest. The Court will impose interest for 539 days commencing August 24, 2004--the date that Hartford should have returned the security--through February 14, 2006--the date that Plaintiff filed the motion.

[3]The billing summary also reflects that .30 hour was performed by Clare M. Maisano. As the Plaintiff's petition never

3

(billing summary).  Charles L. Simmons, Jr., Esquire, a partner, with ten years of complex commercial litigation experience, worked 91.9 hours on the case between September 28, 2004 and March 10, 2006.  *Id.*  Mr. Simmons charged $225 per hour for his work.[4]  *Id.*  The Maryland Rules and Guidelines for Determining Lodestar Attorneys' Fees ("Fees Guidelines") suggests that lawyers with his experience bill at a rate of $200 to $275 per hour.  App. B (D. Md. 2001).

Matthew D. Yang Esquire, an associate, with seven years experience, worked 1.1 hours on the case between August 30, 2004 and October 19, 2004.  *See* Mot. Ex. A.(billing summary).  Mr. Yang charged $175 per hour for his efforts.  *Id.*  The Fees Guidelines suggest that an attorney with his experience receive between $150 and $225 per hour for his work.  App. B (D. Md. 2001).

The two paralegals/law clerks worked 22.3 hours on the case between August 30, 2004 and January 22, 2006.  *See* Mot. Ex. A. (billing summary).  The fees charged for their efforts were between $65 and $70 per hour.  The Fees Guidelines suggest that paralegals/law clerks receive $90 per hour for their work.  App. B (D. Md. 2001).

---

addressed this individual, the Court cannot ascertain whether the $150 per hour rate was reasonable. Accordingly, the award of attorneys' fees does not include this entry.

[4]Based upon the billing summary, Mr. Simmons only charged $175 per hour for 1.6 hours of work performed from October 26, 2004 through October 29, 2004.

The total bill for defense counsel's work is $22,248.00.[5] As Hartford does not claim that the hours spent on the case or the fees charged were unreasonable, and because ABC's counsel requested fees track closely those recommended by the Fees Guidelines, the Court will use the requested fees of $22, 248.00 as its lodestar figure.

The lodestar may be adjusted upward or downward based on consideration of the factors identified in *Barber v. Kimbrell's Inc.*[6]  The *Barber* factors are as follows:

> (1) time and labor expended;
> (2) novelty and difficulty of questions raised;
> (3) the skill required to perform the legal services rendered;
> (4) the attorneys' opportunity costs in pressing the litigation;
> (5) the customary fee for like work;
> (6) the attorneys' expectation at the outset of the litigation;
> (7) time limitations imposed by the client or the circumstances of the case;
> (8) amount in controversy and the result obtained;
> (9) the experience, reputation and ability of the attorneys;
> (10) the undesirability of the case within the legal profession;
> (11) the nature and length of the professional relationship between the attorney and client; and
> (12) attorneys' fees awards in similar cases.

*Cox*, 235 F. Supp. 2d at 485.  Having considered these factors, the Court finds no need to adjust the established lodestar. ABC's costs of $383.60, unchallenged by Hartford, will also be awarded.

---

[5] This amount reflects a deduction of 2.5 hours for work performed prior to August 24, 1999--Hartford's breach of the contract.  *See* Mem. Op. at 6 ("The parties agreed to reasonable attorneys' fees and costs for the prevailing party in *enforcing* the contract in litigation") (emphasis added).

[6] 577 F.2d 216, 226-28 (4th Cir. 1978).

CONCLUSION

For the reasons discussed above, ABC's motions to alter/amend judgment and for attorneys' fees will be granted. Hartford will be ordered to pay ABC $14,768.50 in prejudgment interest, and $22,248.00 in attorneys' fees and an additional $383.60 in costs to the attorneys for ABC.


April 6, 2006                                  /s/
Date                                 William D. Quarles, Jr.
                                     United States District Judge