UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND
(GREENBELT)

| | |
|---|---|
| **UNITED STATES** * | |
| v. | * Crim. No.: 17-cr-00667-GJH |
| **DAVON CARTER** * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO SUPPRESS CELL SITE LOCATION INFORMATION

Defendant Davon Carter, by and through undersigned counsel, Christopher M. Davis, moves this Honorable Court, pursuant to 12(b)(3) of the Federal Rules of Criminal Procedure, to suppress all cell site location information ("CSLI") recovered as a result of a warrantless search and seizure in violation of the Fourth Amendment to the United States Constitution. In support, thereof, he states the following.

### BACKGROUND

On December 19, 2017 Davon Carter was charged in a six-count Indictment as follows: Conspiracy to Murder a Witness (Retaliation) in violation of 18 U.S.C. §§ 1513(f) and (a)(1)(B), (Count 1), Witness Retaliation Murder in violation of 18 U.S.C. § 1513(a)(1)(B) and 18 U.S.C. § 2, (Count 2), Conspiracy to Murder a Witness (Tampering) in violation of 18 U.S.C. §§ 1512(k) and (a)(1)(A), (Count 3), Witness Tampering Murder in violation of 18 U.S.C. § 1512(a)(1)(A) and 18 U.S.C. § 2,

(Count 4), Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g) and 18 U.S.C. § 2, (Count 5), Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 841(a)(2), (b)(1)(D) and 18 U.S.C. § 2, (Count 6).

Counsel moves to suppress information gained from any phone that was possessed and used by the defendant.[1] It is alleged, that during the course of the investigation of this case, law enforcement officers obtained information regarding the location of the defendant's cell phones through a warrantless search of the defendant's cell site location information.

**FACTS**

1. A homicide occurred on May 27, 2016 in Baltimore, MD.

2. Through their investigation the police developed the defendant, Davon Carter, as a potential suspect.

3. On June 1, 2016 police set up surveillance outside the defendant's residence. Shortly after, the defendant was stopped while driving a Black BMW. Following the stop, the police discovered in the vehicle a duffel bag of marijuana, US currency, and drug paraphernalia. The defendant was then transported to police headquarters.

4. On June 3, 2016 search and seizure warrants were executed on multiple cell phones, including the defendant's phones, in reference to the homicide investigation.

---

[1] The defendant had 2 phones, 443-293-2399 and 443-386-7626, that CSLI information was taken from and plotted out. A third phone, 443-761-5150, was also taken from the defendant and we would include that in our motion in case any CSLI data was used from that phone but was not plotted out.

5. On June 9, 2016 and subsequent days, the government applied, pursuant to 18 U.S.C. § 2703(d), for "Disclosure of Airtime Records and Stored Wireless Location/Cell Data" on many cell phones, including the defendant's phones. The orders were then given and signed by a United States Magistrate Judge, often times the same day as the application.

6. The information gleaned from the CSLI was then used as alleged incriminating evidence against the defendant.

7. The defendant has been advised that the CSLI was obtained pursuant to an 18 USC § 2703(d) order and not pursuant to a warrant based on probable cause.

## ARGUMENT

On June 22, 2018 the Supreme Court of the United States decided *Carpenter v. United States*, (No. 16-402), holding that the Government's acquisition of Carpenter's cell-site location records was a Fourth Amendment Search, requiring a search warrant based on probable cause. The Supreme Court in *Carpenter* rejected the reasoning of the 4th Circuit in *United States v. Graham*, 824 Fed.3d 421 (4th Cir. 2016) which held that the Government's acquisition of cell site location information from a defendant's cell phone provider did not violate the Fourth Amendment because the third-party doctrine applied. Based upon the authority of the Supreme Court's June 22, 2018 opinion in *Carpenter*, Mr. Carter asserts that his Fourth Amendment right has been violated by the warrantless search and seizure of his cell site location information by the government. Mr. Carter had a reasonable expectation of privacy in his cell site location information, which paints

what the government will contend to be a revealing portrait of Mr. Carter's movements at critical times in this case. The defendant, as a cell phone user did not knowingly — let alone voluntarily — transmit his location to his cell provider. In fact, he was not even aware that his cell phone provider collected and stored historical location information. It is made clear by the Supreme Court in *Carpenter* that such passive, unknowing generation of CSLI does not amount to a "voluntary conveyance" and the third-party doctrine does not apply to the issues in this case. The fact that such highly-sensitive information is held by a third party does not defeat Mr. Carter's expectation of privacy.

As the majority observes in *Carpenter* [Slip Opinion at 17]: "Given the unique nature of cell phone location information, the fact that the Government obtained the information from a third party [pursuant to a court order under the Stored Communications Act] does not overcome Carpenter's claim to Fourth Amendment protection. The Government's acquisition of the cell-site records was a search within the meaning of the Fourth Amendment."

WHEREFORE, Davon Carter respectfully requests that the Court grant this motion to suppress the warrantless search and seizure of his cell site location information and any evidence derived therefrom, and for such other and further relief as the nature of his cause and justice may require.

Respectfully submitted,

/s/ _____
Christopher M. Davis

Davis & Davis
1350 Connecticut Avenue, NW Ste 202
Washington, DC 20036
(202) 234-7300

*Counsel for Davon Carter*

REQUEST FOR HEARING

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, the defendant requests a hearing on the foregoing motion.

/s/_____
Christopher M. Davis

CERTIFICATE OF SERVICE

I hereby certify that this Memorandum was served on all parties of record via the Court's CM/ECF System on this 4th day of August 2018.

/s/_____
Christopher M. Davis