UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT)

UNITED STATES OF AMERICA        *

      v.                               * Crim. No.: 1:17-cr-00667-GJH

DAVON CARTER                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION TO SUPPRESS TANGIBLE EVIDENCE AND STATEMENT

The defendant, Davon Carter, by and through undersigned counsel, moves this Court to suppress evidence obtained by law enforcement following an illegal stop and warrantless search of Mr. Carter's vehicle. In support of this motion, Mr. Carter states the following.

1. Defendant has been charged with Conspiracy to Murder a Witness (Retaliation) in violation of 18 U.S.C. § 1513(f), Witness Retaliation Murder in violation of 18 U.S.C. § 1513(a)(1)(b), Conspiracy to Murder a Witness (Tampering) in violation of 18 U.S.C. § 1512(k), Witness Tampering Murder in violation of 18 U.S.C. § 1512(a)(1)(A), Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g), and Possession with Intent to Distribute Marijuana in violation of 21 U.S.C. § 841(a)(2) and (b)(1)(D).

2. Mr. Carter asserts that all evidence taken from him by law enforcement authorities was obtained as the result of illegal searches and seizures in violation of his constitutional rights.

3. More specifically, the Defendant moves to suppress evidence seized as follows:

a. On or about June 1, 2016, on information and belief, Mr. Carter was stopped in a black BMW, his person and vehicle were searched, and items were seized by the Baltimore Police Department without a warrant and without probable cause. The police seized a black duffel bag which contained 2 pounds of marijuana, $7,322 in cash, and several cell phones from the BMW Carter was driving.[1] Although the officers later obtained a warrants, the search and seizure was done prior to obtaining any warrant(s).[2] Mr. Carter requests the items seized from these searches be suppressed.

b. Following the illegal stop and seizure on June 1, 2016, Carter was then transported to the Baltimore Police Homicide Unit. Mr. Carter had three cell phones on his person and, at some point, the cell phones were seized from Mr. Carter. The phones were seized and searched prior to a warrant being issued.[3] Mr. Carter requests these items be suppressed at trial.

c. Following the illegal stop and detention of Carter on June 1, 2016, Carter was interviewed at the Baltimore Police Homicide Unit. Any statement made during this interview was obtained in direct violation of the Fourth Amendment and should therefore be suppressed. *Brown v. Illinois*,

---

[1] The marijuana was in heat sealed bags. Also, the inventory and return for the subsequent search warrant obtained for the Black BMW did not include the duffel bag which contained the marijuana and money.

[2] This would include the seizure of the drugs, money, and the search and seizure of the cell phones in his possession.

[3] The affidavit in support of the search warrant for the cell phones states that the phones belonging to Deanna Lawson and Mr. Carter were being "held in wait of the acquisition of search and seizure warrants". See, Search Warrant Application for the relevant cell phones [Bates stamp number SW04-0007].

2

422 U.S. 590, 602 (1975) (confession obtained after an unconstitutional detention must be suppressed unless the prosecution can establish that the "taint" of the illegal detention was "dissipated" by the time of the confession).[4]

       d. Evidence seized during the search of 8409 Arbor Station Way, Apt K Parkville, MD 21234.

4.     The stop of a vehicle by law enforcement constitutes a seizure and mandates that the seizure be reasonable. *United States v. DeGiovani*, 650 F.3d 498, 506 (4th Cir. 2011). The Fourth Amendment permits a police officer to "initiate a brief investigatory stop if the officer has reasonable suspicion to belief that 'criminal activity may be afoot'". *United States v. Griffin*, 589 F.3d 148, 152 (4th Cir. 2009), (quoting *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). The stop of Mr. Carter's vehicle on June 1, 2016 was done by law enforcement without reasonable suspicion to believe criminal activity was afoot and, as such, the stop of his vehicle alone violates the Fourth Amendment. A stop "must be justified by probable cause or a reasonable suspicion, based on specific and articulable facts, or unlawful conduct." *United States v. Wilson*, 205 F.3d 720, 723 (4th Cir. 2000), (quoting *United States*

---

[4] Mr. Carter also alleges that the statement he made to authorities was involuntary. The delay, combined with the coercive tactics of the detectives independently renders any subsequent statement involuntary. The test for voluntariness is whether the confession is "the product of an essentially free and unconstrained choice by its maker." *Columbe v. Connecticut*, 367 U.S. 568, 602 (1961) (plurality opinion), approved in *Schneckloth v. Bustamonte*, 412 U.S. 218, 225-26 (1973). Voluntariness of a confession turns solely on circumstances surrounding the statement. Involuntariness of the confession may be shown not only by evidence of physical coercion, but by a variety of more or less subtle types of psychological coercion. *Brown v. Mississippi*, 297 U.S. 278 (1936).

3

*v. Hassan El*, 5 F.3d 726, 729 (4th Cir. 1993)). Probable cause exists where the officer "had reasonably trustworthy information…sufficient to warrant a prudent [person] in believing that the petitioner had committed or was committing an offense". *United States v. Sowards*, 690 F.3d 583, 588 (4th Cir. 2012) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). The stop and search of Carter and his vehicle were done without probable cause.

5. The Fourth Amendment of the U.S. Constitution provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

6. The seizures by law enforcement violated the Fourth Amendment because they were the fruit of an unlawful search and seizure of Mr. Carter's person, vehicle, home and effects. Law enforcement did not have reasonable suspicion or probable cause to stop, question, or detain Mr. Carter, or to search his person, vehicle, home, or effects, and therefore the fruits of such unlawful searches and seizures must be suppressed.

7. To the extent that any seizures or searches were made without a warrant, those seizures and searches were unlawful and in violation the Fourth Amendment, no exception to the warrant requirement applied, and all fruits of the illegal searches or seizures should be suppressed. See *Kentucky v. King*, 563 U.S.

452, 459 (2011); *Payton v. New York*, 445 U.S. 573, 585 (1980); *Wong Sun v. United States*, 371 U.S. 471 (1963).

8. Therefore, any statements made by Mr. Carter to law enforcement following his illegal stop and unreasonable search and seizure, were obtained in violation of the Fourth Amendment and should be suppressed. Also, the cell phones recovered were fruits of the illegal stop and unreasonable search and seizure and thus were obtained in violation of the Fourth Amendment and should be suppressed.

9. Even if this Court found there was sufficient grounds to establish an investigatory stop and/or probable cause to stop and search, the police officer's actions exceeded the lawful stop of Mr. Carter.[5] The stop was prolonged unjustifiably beyond the time needed to execute the relevant tasks, violating his Fourth Amendment right. *Rodriguez v. United States*, 135 S. Ct. 1609 (2015). If a traffic stop is extended in time beyond the period that the officers are completing tasks related to the traffic infractions, the officers must either obtain consent or identify reasonable suspicion of criminal activity to support the extension of the stop. *United States v. Hill*, No. 15-4639, page 7, published March 30, 2017 (4th Cir. 2017), (quoting *United States v. Williams*, 808 F.3d 238, 245-246 (4th Cir. 2015)). Mr. Carter did not consent to an extended traffic stop or to the search his person or vehicle. The officers did not have reasonable suspicion of criminal activity such that they could extend the stop and search. An officer may engage in ordinary inquiries

---

[5] Mr. Carter was pulled over and stopped at 10:27 a.m. and his interview at the homicide unit did not begin until 4:27 P.M.

incident to the traffic stop but must diligently pursue the purpose of the traffic stop. *Rodriguez*, 135 S. Ct. at 1615. The search of Mr. Carter and his vehicle was completed after an unlawful extension of a traffic stop.

10.     The search warrant issued and executed at 8409 Arbor Station Way, Apt K, Parkville, MD 21234, failed to contain sufficient facts for an issuing magistrate to consider whether this particular residence may contain evidence of the alleged crime.  Broad and conclusory statements by an affiant in support of the search can be stated about any residence merely associated with an alleged suspect and thus fail to particularize the place to be searched. As there was no nexus detailed in the Affidavit between the alleged crime and this location, the issuing magistrate was left with only broad statements of the Affiant's knowledge of general activity to determine probable cause. Thus, the warrant fails to allege probable cause as defined in *Illinois v. Gates*, 462 U.S. 213 (1983), that is, such details that give rise to a fair probability that contraband or evidence of a crime will be found in a particular place. The warrant fails to establish a sufficient nexus between alleged criminal conduct and the place to be searched. See *United States v. Anderson*, 851 F.2d 727 (4th Cir. 1988).

11.     The last clause of the Fourth Amendment contains a "particularity requirement," which "is fulfilled when the warrant identifies the items to be seized by their relation to designated crimes and when the description of the items leaves nothing to the discretion of the officer executing the warrant." *United States v. Dargan*, 738 F.3d 643 (4th Cir. 2013).

11. "It is familiar history that indiscriminate searches and seizures conducted under the authority of 'general warrants' were the immediate evils that motivated the framing and adoption of the Fourth Amendment," *Payton v. New York*, 445 U.S. 573, 583 (1980). The Framers' horror of "general, exploratory rummaging in a person's belongings," *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971) (plurality op.), led them to include the Particularity Clause in the Fourth Amendment. This Clause requires that a warrant must "particularity describe the place to be searched and the persons or things to be seized." (*See also*, *Andreson v. Maryland*, 427 U.S. 463, 482, n.11 (1976), forbidding "general warrants".)

WHEREFORE, Mr. Carter respectfully requests that this Court suppress all evidence obtained by law enforcement authorities as the result of the illegal searches and seizures of his person, car, and residence.

Respectfully submitted,

/s/_____
Christopher M. Davis
*Counsel for Davon Carter*

Davis & Davis
1350 Connecticut Avenue, NW
Suite 202
Washington, DC 20036
(202) 234-7300

/s/_____
Gerald T. Zerkin
*Counsel for Davon Carter*

2025 E. Main Street
Suite 108
Richmond, VA 23223
(804) 921-4885

**Request for Hearing**

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, the defendant requests a hearing on the foregoing motion.

/s/_____
Christopher M. Davis

CERTIFICATE OF SERVICE

I hereby certify that this Memorandum was served on all parties of record via the Court's CM/ECF System on this 20th day of August 2018.

/s/_____
Christopher M. Davis

8