# UNITED STATES DISTRICT COURT

for the

District of Maryland

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) )  Case No.   16 - 1471 BPG |
| 8409 Arbor Station Way, Apt K  Parkville, MD 21234 | ) ) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A which is attached hereto and incorporated herein by reference,

located in the _____ District of _____ Maryland _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B which is attached hereto and incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 1512(a) and (k) | Conspiracy - Tampering with a witness, victim or informatn. |

The application is based on these facts:

See attached affidavit of Special Agent Erin Fuchs, which is attached hereto and incorporated herein by reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Erin Fuchs, Special Agent, DHHS-OIG
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  6-1-16

_____
*Judge's signature*

City and state:  Baltimore, Maryland

Beth P. Gesner, United States Magistrate Judge
*Printed name and title*

Attachment A - Home

- 8409 Arbor Station Way, Apartment K, Parkville, MD 21234, described as a three story red brick apartment building with 8409 in black on a white placard to the right of the main entry door. Apartment K is further identified as having a green door, with the letter "K" located on a gold door knocker which is centered on the door. The location is also known on sight by your affiant.

Attachment B

1.        Any records that refer or relate in any way to Davon Carter's use and possession of the black BMW, Pontiac and/or Toyota Corolla discussed in the affidavit including but not limited to gas receipts, keys, title records, insurance information, repairs.

2.        Any records that refer or relate in any way to Davon Carters whereabouts on May 27 – June 1, 2016 and contacts during this same time timeframe.

3.        Indication of occupancy, residency, and/or ownership of the SUBJECT PREMISES, including but not limited to, utility and telephone bills, canceled envelopes and key;

4.        Cellular telephones, including any and all electronic data contained within, any and all electronic devices capable of sending, receiving, or storing electronic communications and or, sending, receiving, or storing electronic data, including any and all electronic communications and data contained within.

5.        Any records that refer or relate to Matthew Hightower or his pending federal case.

6.        Any records that refer or relate in any way to intended murder victim.

7.        Any records that refer or relate to phone numbers utilized by Matthew Hightower and Davon Carter including but not limited to  443-293-2399 and 443-983-2513.

8.        In addition to the above, for any cellular phone (hereinafter, "cell phone"):

a.        evidence of who used, owned, or controlled the cell phone at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, videos, and correspondence;

b.        evidence of software that would allow others to control the cell phone, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c.        evidence of the lack of such malicious software;

d.        evidence of the attachment to the cell phone of other storage devices or similar containers for electronic evidence;

e.        evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the cell phone;

f.        evidence of the times the cell phone was used;

g.        passwords, encryption keys, and other access devices that may be necessary to access the cell phone;

h.        documentation and manuals that may be necessary to access the cell phone or to conduct a forensic examination of the cell phone;

i.        contextual information necessary to understand the evidence described in this attachment.

The search procedure of the electronic data contained in cell phone operating software or memory devices may include the following techniques which shall be used to minimize the risk that those conducting the search will view information not within the scope of the warrant:

   a. surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);

   b. "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;

   c. "scanning" storage areas to discover and possible recover recently deleted files;

   d. "scanning" storage areas for deliberately hidden files; or

   e. performing keyword or other search and retrieval searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

# UNITED STATES DISTRICT COURT

for the

District of Maryland

In the Matter of the Search of

*(Briefly describe the property to be searched*
*or identify the person by name and address)*

A black 2008 BMW X5, bearing Maryland registration
55193CF and  VIN # 5UXFE83568LZ36523

)
)
)
)
)
)
)

Case No.    16 - 1 4 7 2 BPG

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A which is attached hereto and incorporated herein by reference,

located in the _____ District of _____ Maryland _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B which is attached hereto and incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 1512(a) and (k) | Conspiracy - Tampering with a witness, victim or informatn. |

The application is based on these facts:

See attached affidavit of Special Agent Erin Fuchs, which is attached hereto and incorporated herein by reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Erin Fuchs, Special Agent, DHHS-OIG
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   6 - 1 - 16

_____
*Judge's signature*

City and state:  Baltimore, Maryland _____

Beth P. Gesner, United States Magistrate Judge
*Printed name and title*

Attachment A - BMW

-       A black 2008 BMW X5, bearing Maryland registration 55193CF and

VIN # 5UXFE83568LZ36523

Attachment B

1.      Any records that refer or relate in any way to Davon Carter's use and possession of the black BMW, Pontiac and/or Toyota Corolla discussed in the affidavit including but not limited to gas receipts, keys, title records, insurance information, repairs.

2.      Any records that refer or relate in any way to Davon Carters whereabouts on May 27 – June 1, 2016 and contacts during this same time timeframe.

3.      Indication of occupancy, residency, and/or ownership of the SUBJECT PREMISES, including but not limited to, utility and telephone bills, canceled envelopes and key;

4.      Cellular telephones, including any and all electronic data contained within, any and all electronic devices capable of sending, receiving, or storing electronic communications and or, sending, receiving, or storing electronic data, including any and all electronic communications and data contained within.

5.      Any records that refer or relate to Matthew Hightower or his pending federal case.

6.      Any records that refer or relate in any way to intended murder victim.

7.      Any records that refer or relate to phone numbers utilized by Matthew Hightower and Davon Carter including but not limited to  443-293-2399 and 443-983-2513.

8.      In addition to the above, for any cellular phone (hereinafter, "cell phone"):

a.      evidence of who used, owned, or controlled the cell phone at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, videos, and correspondence;

b.      evidence of software that would allow others to control the cell phone, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c.      evidence of the lack of such malicious software;

d.      evidence of the attachment to the cell phone of other storage devices or similar containers for electronic evidence;

e.      evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the cell phone;

f.      evidence of the times the cell phone was used;

g.      passwords, encryption keys, and other access devices that may be necessary to access the cell phone;

h.      documentation and manuals that may be necessary to access the cell phone or to conduct a forensic examination of the cell phone;

i.      contextual information necessary to understand the evidence described in this attachment.

The search procedure of the electronic data contained in cell phone operating software or memory devices may include the following techniques which shall be used to minimize the risk that those conducting the search will view information not within the scope of the warrant:

      a.      surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);

      b.      "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;

      c.      "scanning" storage areas to discover and possible recover recently deleted files;

      d.      "scanning" storage areas for deliberately hidden files; or

      e.      performing keyword or other search and retrieval searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.

# UNITED STATES DISTRICT COURT

for the

District of Maryland

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

A silver Toyota Corolla, bearing Maryland registration
4CG7918 and VIN # 2T1BURHE1GC578237

)
)
)
)
)
)

Case No.   16 - 1 4 7 3 BPG

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A which is attached hereto and incorporated herein by reference,

located in the _____ District of _____ Maryland _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B which is attached hereto and incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 1512(a) and (k) | Conspiracy - Tampering with a witness, victim or informatn. |

The application is based on these facts:

See attached affidavit of Special Agent Erin Fuchs, which is attached hereto and incorporated herein by reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Erin Fuchs, Special Agent, DHHS-OIG
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   6 - 1 - 16

_____
*Judge's signature*

City and state:  Baltimore, Maryland

Beth P. Gesner, United States Magistrate Judge
*Printed name and title*

Attachment A - Toyota

- A silver Toyota Corolla, bearing Maryland registration 4CG7918 and

VIN # 2T1BURHE1GC578237

Attachment B

1.      Any records that refer or relate in any way to Davon Carter's use and possession of the black BMW, Pontiac and/or Toyota Corolla discussed in the affidavit including but not limited to gas receipts, keys, title records, insurance information, repairs.

2.      Any records that refer or relate in any way to Davon Carters whereabouts on May 27 – June 1, 2016 and contacts during this same time timeframe.

3.      Indication of occupancy, residency, and/or ownership of the SUBJECT PREMISES, including but not limited to, utility and telephone bills, canceled envelopes and key;

4.      Cellular telephones, including any and all electronic data contained within, any and all electronic devices capable of sending, receiving, or storing electronic communications and or, sending, receiving, or storing electronic data, including any and all electronic communications and data contained within.

5.      Any records that refer or relate to Matthew Hightower or his pending federal case.

6.      Any records that refer or relate in any way to intended murder victim.

7.      Any records that refer or relate to phone numbers utilized by Matthew Hightower and Davon Carter including but not limited to  443-293-2399 and 443-983-2513.

8.      In addition to the above, for any cellular phone (hereinafter, "cell phone"):

        a.      evidence of who used, owned, or controlled the cell phone at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, videos, and correspondence;

        b.      evidence of software that would allow others to control the cell phone, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

        c.      evidence of the lack of such malicious software;

        d.      evidence of the attachment to the cell phone of other storage devices or similar containers for electronic evidence;

        e.      evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the cell phone;

        f.      evidence of the times the cell phone was used;

        g.      passwords, encryption keys, and other access devices that may be necessary to access the cell phone;

        h.      documentation and manuals that may be necessary to access the cell phone or to conduct a forensic examination of the cell phone;

        i.      contextual information necessary to understand the evidence described in this attachment.

        The search procedure of the electronic data contained in cell phone operating software or memory devices may include the following techniques which shall be used to minimize the risk that those conducting the search will view information not within the scope of the warrant:

    a.  surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for markings it contains and opening a drawer believed to contain pertinent files);

    b.  "opening" or cursorily reading the first few "pages" of such files in order to determine their precise contents;

    c.  "scanning" storage areas to discover and possible recover recently deleted files;

    d.  "scanning" storage areas for deliberately hidden files; or

    e.  performing keyword or other search and retrieval searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation.



## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MARYLAND

IN THE MATTER OF THE SEARCH OF:

The premises at 8409 Arbor Station Way, Apt K, Parkville, MD 21234

A black 2008 BMW X5, bearing Maryland registration 55193CF and  VIN # 5UXFE83568LZ36523;

A silver  Toyota Corolla, bearing Maryland registration 4CG7918 and VIN # 2T1BURHE1GC578237

Case No. _____

16 - 1 4 7 1 BPG

16 - 1 4 7 2 BPG

16 - 1 4 7 3 BPG

**Filed Under Seal**

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Erin Fuchs, being sworn depose and state:

1.      I am a duly sworn and appointed Special Agent of the United States Department of Health and Human Service, Office of Inspector General (hereinafter "DHHS-OIG").  I make the following statements, based upon information obtained by myself, other Special Agents of DHHS-OIG, as well as information conveyed to me by other law enforcement officials and other sources.

2.      I have been a Special Agent since December 2006.  I am currently assigned to the Bethesda Field Office where I conduct health care fraud investigations.  I have training and experience in the enforcement of laws of the United States, including training in the preparation, presentation, and service of criminal search warrants.  I have duties that include investigations of, among other matters, health care fraud, social security fraud, wire fraud, and false claims.  Through my training and my participation in searches and arrests, I have assisted and/or participated in the preparation and/or execution of search and arrest warrants.   This affidavit does not set forth every fact discerned throughout the investigation; rather, it contains a summary of the investigation to date and sets forth

1

only those facts that I believe necessary to establish probable cause to search the premises described herein.

## Statement of Probable Cause

3.     This affidavit is made in support of an application for a search and seizure warrant to search the premises of **Davon Carter** located at 8409 Arbor Station Way, Apt K  Parkville, MD 21234 ("the SUBJECT PREMISES"), and two vehicles: A black 2008 BMW X5, bearing Maryland registration 55193CF and  VIN # 5UXFE83568LZ36523 (hereinafter "BMW") and a silver  Toyota Corolla, bearing Maryland registration 4CG7918 and VIN # 2T1BURHE1GC578237, for evidence of conspiracy to murder a federal witness in violation of 18 U.S.C.§ 1512(a) (witness tampering) Whoever kills or attempts to kill another person, with intent to—(A) prevent the attendance or testimony of any person in an official proceeding;  (B)   prevent the production of a record, document, or other object, in an official proceeding; or  (C)   prevent the communication by any person to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings; is guilty of a crime. Section 1512(k) criminalizes a conspiracy to commit this offense and subjects the person to the same penalties.

4.     Based on the facts set forth below, I submit that there is probable cause to believe that evidence, fruits, and instrumentalities of the aforesaid violation of Title 18 are presently located at the SUBJECT PREMISES and the two described vehicles, including but not limited to the relationship between **Davon Carter** and Matthew Hightower which are to be searched for the items listed in Attachment B.

## Indictment of Matthew Hightower and Others for Extortion of D.W.

2

5.     On April 19, 2016, a federal grand jury in this District returned a Second Superseding Indictment (SSI) against Harry Crawford, Matthew Hightower and Elma Myles. *United States v. Crawford, Myles & Hightower*, Criminal No. MJG 15-322.   The three co-defendants had previously been indicted together for health care fraud. A Superseding Indictment was returned earlier this year adding tax charges against Crawford and Hightower.   The SSI charges Crawford and Hightower with a violation of the following two statutes in Counts Thirteen and Fourteen:

a.     Section 1952 of Title 18 which prohibits any individual from using an interstate commerce facility with the intent to commit any crime of violence to further any unlawful activity and thereafter performing or attempting to perform any act of violence to further the unlawful activity or any act to otherwise carry on the unlawful activity.   "Unlawful activity" includes extortion in violation of the laws of the State in which committed or of the United States.   Extortion is defined in Section 1952(b) as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear….."   The law prohibits the threat of violence or harm to a debtor to collect or attempt to collect an extension of credit.   Section 1952(b) provides an increased penalty if "death results" from the event.

b.     Section 894 of Title 18 which prohibits any person from knowingly participating in any way, or conspiring to participate, in the use of any extortionate means (1) to collect or attempt to collect any extension of credit, or (2) to punish any person for the non-repayment.

6.     The SSI arises out of the extortion and murder of D.W.   On September 22, 2013, the Baltimore County Police Department was dispatched to 4 Adleburgh Court, Rosedale, Maryland, for a report of a gunshot victim. The officers found the victim "D.W." dead in the living room of the home as the result of multiple gunshot wounds.   The crime scene revealed that an unknown suspect(s)

3

approached the home and fired 7 times from outside through the living room window, striking the victim several times and killing him.

7.      The SSI alleges that Crawford and Hightower sent numerous threatening text messages and emails to D.W. regarding cash loans both men made to D.W. the days, weeks and months prior to D.W.'s murder on September 22, 2013. Approximately five to ten minutes before the murder, Crawford sent a separate electronic message to both D.W. and to Hightower with the same photograph of feces in a toilet bowl. Hightower responded to Crawford at 3: 52 a.m. asking if the feces were Crawford's or [the first name of D.W."]. At the time, Hightower was using a cell phone ending in 4173 that he subsequently got rid of by giving it to a girlfriend's (███████████████) daughter who admitted receiving it from her mother's boyfriend "Matt." Neither Hightower nor Crawford disclosed the 4173 number in voluntary interviews with the police after the murder. After Hightower was interviewed, he was surveilled at Anderson's location and the phone was never used again.

8.      Among other evidence, investigators have obtained historical cell site information showing that Hightower's 4173 number hit off a cell tower at approximately 2:52 a.m. in the vicinity of the victim's house (the scene of the murder) based on a call he received from his live-in girlfriend, ███████████████████████████ is the sister of ████████████. Records reflect that the 911 call made by a witness who heard the shots occurred at approximately 2:54 a.m. Hightower denied ever being in the location of D.W.'s home the night of the murder.

9.      On April 26, 2016, United States District Judge Marvin Garbis signed an order requiring counsel for Crawford, Hightower and Myles to return discovery that had inadvertently included the name of a source of information (hereinafter "SOI"). The discovery inadvertently included notes from a detective who had interviewed the SOI. The SOI had implicated Hightower further in the murder of

4

David Wutoh. The discovery had been in the hands of defense counsel for several months and long prior to the SSI discussed above implicating Hightower in the murder of Wutoh.

10.     On April 27, 2016, counsel for Hightower returned the discovery.

11.     On April 29, 2016, the government filed a sealed document seeking Hightower's detention. Prior to this time, Hightower (who was only facing fraud charges at the time) was on electronic home monitoring at his home. The basis for the detention motion included not only the new charges but the fact that Hightower had contact with witnesses despite a court order prohibiting him from contact. On May 3, 2016, Hightower's counsel filed a response and the court held detention hearings the following day, May 4, 2016. Hightower was temporarily detained on May 4, 2016. A second hearing was held on May 6, 2016 during which the government proffered linking Hightower to the murder of Wutoh.  U.S. Magistrate Judge Coulson detained Hightower pending trial – then scheduled for September 12, 2016.

12.     On May 10, 2016, counsel for Hightower visited him at the Chesapeake Detention Facility (CDF) where he was being detained.

13.     On the morning of May 27, 2016, I received a call from SOI indicating that SOI's

████████████████████████████████████ expressing concerns that SOI was the intended

target. ████████████████████████████████████████████████████████

██████████████ This information was immediately provided to the Baltimore City homicide section.

14.     The homicide section subsequently related to your affiant that video had been captured of a Pontiac at the location of the shooting, within a minute of the shooting. Investigators believe that this Pontiac was directly involved with the shooting. A tag was obtained from the video for the car. Through public database checks the car was linked to the SUBJECT PREMISES.

5

15.     I subsequently learned that on June 1, 2016 at approximately 1027 hours, Baltimore City Police Detective Sandra Forsythe #F032 was conducting surveillance at the SUBJECT PREMISES. During Detective Forsythe's surveillance, she observed a male subject, later identified as **Davon Carter**, exiting 8409 Arbor Station Way, Parkville MD 21234. Detective Forsythe noticed the male subject matched the description of the suspect in her homicide investigation.  Detective Forsythe observed the male subject enter a Pontiac Grand AM bearing MD registration 4BXC31, which is the vehicle that had been identified in the aforementioned video.

16.     Subsequent to this observation, Detective Forsythe then observed the male subject exit the Pontiac Grand AM and enter a black BMW bearing MD registration 55193CF (parked a few spaces from the Pontiac). The black BMW is registered in the name of Matthew Hightower.

17.     I know that Baltimore County detectives then responded to the SUBJECT PREMISES. At approximately 1111 hours, the detectives knocked on the door of the SUBJECT PREMISES and the door was answered by a female subject (later identified as                    who stated she lived at the location with her boyfriend Davon Carter.                 stated no other subjects were inside her residence and Detectives were allowed to enter her residence to speak with her. The detectives informed                    f the current investigation Baltimore City Police were conducting and that Davon Carter was heading to Baltimore City Police headquarters to speak with police about the murder investigation. Detective Hinton ensured no other subjects were inside o                  residence and secured the location                handed Detective Hinton her house key and agreed to speak with Police at Baltimore City Police headquarters. Detective Hinton noticed a Toyota key fob on                    key ring. Detective Hinton asked                if the key belonged to her vehicle.                advised Detective Hinton the Toyota key fob belonged to Davon Carter's vehicle, which was parked in front of the aforementioned location                relinquished the Toyota key fob to Detective Hinton as well.

6

███████ was escorted to Baltimore City Police headquarters shortly thereafter. Detective Hinton walked outside of the subject premises and observed a Silver Toyota Corolla bearing MD registration 4CG7918 parked across the street. A check through MVA, revealed the vehicle to be listed to **Davon Carter.**

18.     Your affiant knows from record searches that Davon Carter is associated with Cell phone 443-293-2399 and 8409 Arbor Station Way Apt. K and that Carter has himself used that phone number in an official report. According to one database, 443-293-2399, is subscribed in the name o███████ ███████ Carter's girlfriend. In addition, this phone number is available as Carter's number on social media. I know that a male using 443-293-2399 has been in regular contact with Matthew Hightower the Chesapeake Detention Facility (CDF) since May 12, 2016. Specifically there were fifteen calls between the Hightower and the male using 443-293-2399. Although we have not yet heard him self-identify on the calls, we believe the male to be Carter.

19.     On Friday May 27, 2016, I directed the correctional officials at CDF to search Hightower's cell. Officers located a handwritten list of names and phone numbers including 443-293-2399 with the name "Davon" next to it. We have listened to several calls one of which, on May 12, 2016 involves Hightower asking the user of 443-293-2399 to look up certain phone numbers on a cellular telephone which appears to be Hightower's phone. This is the first known contact between Hightower and Carter after Hightower's detention in the facility.

20.     I know that Carter has the following criminal history: Subject was arrested by Baltimore Police Department on 06/01/2006 and found GUILTY and was given a sentence of 12 years on the charge of CDS: Possession w/ Intent Manufacture / Distribute. Subject was arrested by Baltimore Police Department on 03/10/2006 and found GUILTY and was given a sentence of 8 years on two charges of CDS: Possession w/ Intent Manufacture / Distribute. Subject was arrested by Baltimore Police

7

Department on 09/10/2001 and found GUILTY and was given a sentence of 4 years on the charge of

CDS: Possession w/ Intent Manufacture / Distribute. Subject was arrested by Baltimore Police

Department on 08/02/1998 and found GUILTY and was given a sentence of 12 years of which 7 years

was suspended on the charge of CDS: Possession w/ Intent Manufacture / Distribute and found GUILTY

and was given a sentence of 3 years on the charge of Handgun on person: carry / wear.

21.     I know that in addition to the pending charges, Hightower was convicted in 2001 of

possession with intent to distribute narcotics.  Hightower was also identified as the assailant by the

victim in a non-fatal shooting in Baltimore City in October 2014 and charged with assault, attempted

second degree murder, and handgun charges.  The man Hightower shot and injured was shot and killed

by another man a week later and the assault with a deadly weapon and handgun charges against

Hightower were dismissed.  Efforts to re-investigate the gun charge were stymied when the only

remaining eyewitness ▇▇▇▇▇ was murdered 10 days after Hightower was put on notice in the

pending case case during a detention hearing that federal authorities were looking at the case again.

There is another suspect in that murder, and except for the timing, there is no connection between

Hightower and ▇▇▇▇▇ murder at this point in both investigations though the investigation continues.

22.     I know that when Hightower came to court on May 4, 2016 for his detention hearing, he *boy*
*WHILE HE IS IN JAIL*
did not bring a cellular telephone with him. I know that there are several calls from Hightower to a cell

phone number which public databases attribute to him; namely, 443-983-2513. *bpm*

23.  BASED  ON  MY  TRAINING  AND  EXPERIENCE,  INDIVIDUALS  WHO
COMMIT  CRIMES,  INCLUDING  THOSE  DESCRIBED  ABOVE,  OFTEN  HAVE  EVIDENCE
OF  THOSE  CRIMES  IN  THEIR  HOMES  AND  VEHICLES.

## CONCLUSION

24.     Based on the facts set forth above, I submit that there is probable cause to believe that

evidence, fruits, and instrumentalities of the violations of Title 18, United States Code, Section 1512(k)

8

*THE FACT THAT THE SUBJECT PREMISES ARE CURRENTLY SECURED AND THE POSSIBILITY THAT DELAY MAY ENDANGER THE INVESTIGATION, I SUBMIT THAT GOOD CAUSE EXISTS TO EXECUTE THE WARRANT AT ANY TIME DAY OR NIGHT*

are presently located at the SUBJECT PREMISES and VEHICLES (the BMW and Toyota described above), which are to be searched for the items listed in Attachment B.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
Special Agent Erin Fuchs
United States Department of Health and Human Services

Subscribed and sworn before me this ____1st____ day of June, 2016

_____
Hon. Beth P. Gesner
United States Magistrate Judge

16 - 1 4 7 1 BPG

16 - 1 4 7 2 BPG

16 - 1 4 7 3 BPG

9